Liberty and Order

REPUBLIC OF COLUMBIA

MINISTRY OF EXTERNAL RELATIONS

S-DIAJl-25-015825

The Ministry of Foreign Affairs - Directorate of International Legal Affairs - respectfully greets the Honorable Embassy of the United States of America, on the occasion of sending Office MJD-OFl25-0021419-GEX-10100 dated May 14, 2025, to which is attached Executive Resolution No. 110 of April 9, 2025, by which the National Government granted the extradition of Mr. GILDARDO ANDRES ZAPATA URIBE, also known as GILDARDO ANDRES ZAPATA, under the following terms:

"ARTICLE ONE: Grant the extradition of the Colombian-American citizen GILDARDO ANDRES ZAPATA URIBE also known as GILDARDO ANDRES ZAPATA, identified with citizen ID No. 1.127.231.210 issued in the Republic of Colombia and Passport No. ████1020 issued in the United States of America, to appear for trial before the authorities of the United States of America for Counts One to Three (Filing a false tax return) and Counts Five and Six (Failing to file a tax return), charged in the Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the District Court of the United States for the Western District of Texas.

ARTICLE TWO: Deny the extradition of the Colombian-American citizen, GILDARDO ANDRES ZAPATA URIBE also known as GILDARDO ANDRES ZAPATA, regarding Charge Four, accused in the Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the District Court of the United States for the Western District of Texas, considering that the Criminal Cassation Chamber of the Supreme Court of Justice issued an unfavorable opinion regarding the same.

ARTICLE THREE: Order the delivery of the Colombian-American citizen, GILDARDO ANDRES ZAPATA URIBE also known as GILDARDO ANDRES ZAPATA, to the requesting state under the commitment that this state complies with the conditions established in the second paragraph of article 494 of Law 906 of 2004, that is, that the requested citizen will not be subjected to forced disappearance, torture, or cruel, inhuman, or degrading treatment or punishment, nor to penalties of exile, life imprisonment, and confiscation.

As soon as the mentioned commitment is received, the Ministry of Justice and/or the Attorney General's Office will send a copy of the decision and the guarantees offered to the Attorney General of the Nation so that the necessary steps can be taken and the person being requested is placed at the disposal of the requesting State.

ARTICLE FOUR: Notify the requesting State that the extradited citizen cannot be tried or convicted for any prior and distinct act that motivates this extradition, in accordance with the provisions of the first paragraph of Article 494 of Law 906 of 2004. Likewise, it is noted that facts or evidence prior to December 17, 1997, cannot be included."

In accordance with the above, and taking into account the communication from the Ministry of Justice and Law, a copy of which is attached, and in accordance with the orders given in the aforementioned executive resolutions, the United States of America is requested to provide the required guarantee, according to what is ordered in paragraph 2 of article 494 of Law 906 of 2004, in accordance with the ruling of the Full Chamber of the Honorable Constitutional Court, Judgment C-1106 dated August 24, 2000, which stated that:

"[ … ] the extradition of a person to the requesting State, when the death penalty exists for the crime that motivates it, will only be carried out under the condition of commutation of the sentence, as is provided, and likewise, also on the condition that the extradited person is not subjected to enforced disappearance, torture, or inhumane treatment, cruel, inhuman or degrading punishments nor to punishments of exile, life imprisonment and confiscation in accordance with the provisions of articles 11, 12 and 34 of the Political Constitution […].

The Ministry of Foreign Affairs - Directorate of International Legal Affairs - takes this opportunity to reiterate to the Honorable Embassy of the United States of America the assurances of its highest and distinguished consideration.

[Signature]

Bogota D.C., May 14, 2025

Bogota D.C., Colombia, May 14, 2025

Doctor
Jhon Jairo Camargo Motta
Director of International Legal Affairs
Ministry of Foreign Affairs
Calle 10 No. 5-51
extradiciones.cancilleria@cancilleria.gov.co
Bogotá, D.C.

Subject: Extradition procedure of the Colombian citizen GILDARDO ANDRÉS ZAPATA URIBE. Dear Director: I respectfully inform you that the National Government, through Executive Resolution No. 110 of April 9, 2025, granted to the Government of the United States of America the extradition of the Colombian-American citizen GILDARDO ANDRÉS ZAPATA URIBE, under the following terms:

"…ARTICLE ONE: Grant the extradition of the Colombian-American citizen GILDARDO ANDRÉS ZAPATA URIBE also known as GILDARDO ANDRÉS ZAPATA, identified with citizenship ID No. 1.127.231.210 issued in the Republic of Colombia and Passport No. ▮▮▮▮1020 issued in the United States of America, to appear for trial before the authorities of the United States of America for Charges One to Three (Filing a false tax return) and Charges Five and Six (Failing to file a income tax return), indicted in the Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the District Court of the United States for the Western District of Texas.

ARTICLE TWO: Deny the extradition of the Colombian-American citizen, GILDARDO ANDRÉS ZAPATA URIBE also known as GILDARDO ANDRÉS ZAPATA, in relation to Charge Four, indicted in the Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the District Court of the United States for the Western District of Texas, considering that the Criminal Cassation Chamber of the Supreme Court of Justice issued an unfavorable opinion regarding this matter.

ARTICLE THREE: To order the delivery of the Colombian-American citizen, GILDARDO ANDRÉS ZAPATA URIBE also known as GILDARDO ANDRÉS ZAPATA, to the requesting State under the commitment that it will comply with the conditions established in the second paragraph of Article 494 of Law 906 of 2004, that is, that the requested citizen will not be subjected to enforced disappearance, torture, or cruel, inhuman or degrading treatment or punishment, nor to penalties of exile, life imprisonment, and confiscation…"

In accordance with the above, I hereby send you a copy of the mentioned administrative act with the aim of informing the requesting country that the National Government granted the extradition of GILDARDO ANDRÉS ZAPATA URIBE, but that he has not yet been made available for transfer because the delivery was conditioned on the offering of certain guarantees. Under this understanding, I request that you communicate to the requesting country that, as soon as possible, it must offer a formal commitment, through diplomatic channels, regarding the fulfillment of the conditions imposed by the National Government and ensure compliance with the provisions of the second paragraph of 494 of Law 906 of 2004, that is, that the requested citizen will not be subjected to some forced disappearance, torture or cruel, inhuman or degrading treatment or punishment, nor to penalties of banishment, life imprisonment, or confiscation. As soon as the aforementioned commitment is received, this Ministry will send a copy of the respective administrative acts and the guarantees offered to the Attorney General's Office of the Nation so that said Entity can proceed to make the requested person available to the requesting State.

The above for your information and relevant purposes.

Sincerely,
[signature]
Horacio Torres Martinez
Director of International Affairs


Prepared by: NCV-NIE Extraditions Group 25-1792
Reviewed by: Coordinator of APA Extraditions Group
Approved by: Director of International Affairs HTM (E)



[national emblem]
Government of
**Colombia**

EXECUTIVE RESOLUTION NUMBER <u>110</u> OF _____

# APR -9 2025

Under which a decision is made with respect to an extradition application

**THE MINISTER OF THE TREASURY AND PUBLIC CREDIT, DELEGATEE OF LEGAL AND CONSTITUTIONAL FUNCTIONS PURSUANT TO DECREE 0420 OF APRIL 7, 2025,**

in exercise of the power conferred on him in Article 491 of Law 906 of 2004, and

**WHEREAS:**

**1.**     Via Verbal Note No. 0538 of April 4, 2024, the Government of the United States of America, via its Embassy in Colombia, requested the temporary detention for extradition purposes of Colombian citizen **GILDARDO ANDRÉS ZAPATA URIBE**, who is wanted to appear for trial for tax crimes.

**2.**     In view of the aforementioned application, the Attorney General of the Nation, via Resolution dated April 9, 2024, ordered the arrest for extradition purposes of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**, identified by citizenship card No. 1.127.231.210 issued in the Republic of Colombia, and Passport No. ████ 1020 issued by the United States of America, which was carried out on June 17, 2024, by members of the Dirección Nacional Cuerpo Técnico de Investigaciones [National Directorate of the Specialized Investigative Body — CTI] — Grupo Transnacional de Investigaciones Financieras [Transactional Financial Investigation Group, GIF-CTI].

**3.**     Via Verbal Note No. 1335 of August 12, 2024, the Embassy of the United States of America in our country formalized the extradition application

---------------------------------------------------------------------------------------------------------------------------------

of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**.

In that Note, it states that this citizen is the subject of an Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the United States District Court for the Western District of Texas, as described below:

"**FORMAL INDICTMENT**

**THE GRAND JURY PROCEEDING ISSUES THE FOLLOWING INDICTMENT:**

At all relevant times herein, GILDARDO ANDRÉS ZAPATA, the defendant, was a citizen of the United States living in the state of Florida until he began living outside of the United States on or around December 2018. As a resident of Florida and as an overseas tax filer, the defendant's tax returns were, or should have been, received by the Internal Revenue Service Center in Austin, Texas. During the 2015, 2016, 2017, 2018, 2019 and 2020 tax years, the defendant earned a total of approximately $3,846,759.00 United States dollars in personal income subject to reporting, which he failed to report to the Internal Revenue Service. The defendant failed to report this income and failed to pay the taxes applicable to this income, despite receiving several verbal and written notices regarding his tax obligations concerning this income.

CHARGE ONE
(Filing a false tax declaration)
[Violation of 26 U.S. Code § 7206(1)]

On October 12, 2016, or around that date, the accused
GILDARDO ANDRÉS ZAPATA,

voluntarily made and signed a United States individual income tax return, Form 1040, for the calendar year 2015, which was verified by a written statement indicating that this return was made under penalty of perjury and that he did not believe it to be correct and true with respect

---

to every material matter. The United States individual income tax return, Form 1040, that was filed with the director of the Internal Revenue Service Center in Austin, Texas, was false and fraudulent in a material matter because it reported a total income on line 22 of $32,878.00 United States dollars, while, at that time and place, the accused knew well that his total income was much more than that amount. In violation of section 7206(1) of Title 26 of the United States Code.

## CHARGE TWO
Filing a false tax declaration
[Violation of 26 U.S. Code § 7206 (1)]

On January 23, 2018, or around that date, the accused,

### GILDARDO ANDRÉS ZAPATA,

voluntarily made and signed a United States individual income tax return, Form 1040, for the calendar year 2016, which was verified by a written statement indicating that this return was made under penalty of perjury and that he did not believe it to be correct and true with respect to every material matter. The United States individual income tax return, Form 1040, that was filed with the director of the Internal Revenue Service Center in Austin, Texas, was false and fraudulent in a material matter because it reported a total income on line 22 of $24,699.00 United States dollars, while, at that time and place, the accused knew well that his total income was much more than that amount.

In violation of section 7206 (1) of Title 26 of the United States Code.

## CHARGE THREE
Filing a false tax declaration
[Violation of 26 U.S. Code § 7206(1)]

On October 19, 2018, or around that date, the accused,

**110**

-------------------------------------------------------------------------------------------------------------------------------

GILDARDO ANDRÉS ZAPATA

voluntarily made and signed a United States individual income tax return, Form 1040, for the calendar year 2017, which was verified by a written statement indicating that this return was made under penalty of perjury and that he did not believe it to be correct and true with respect to every material matter. The United States individual income tax return, Form 1040, that was filed with the director of the Internal Revenue Service Center in Austin, Texas, was false and fraudulent in a material matter because it reported a total income on line 22 of $40,599.00 United States dollars, while, at that time and place, the accused knew well that his total income was much more than that amount. In violation of section 7206(1) of Title 26 of the United States Code.

## CHARGE FOUR
Failure to file a tax declaration
[Violation of 26 U.S. Code § 7203]

During calendar year 2018, the accused,

GILDARDO ANDRÉS ZAPATA,

being required by law and regulation to file a tax return, he had and received gross income of $215,256.00 United States dollars. By reason of such gross income, he was required by law, after the close of the calendar year 2018, and no later than April 15, 2019, to file a tax return with the Internal Revenue Service in Austin, Texas, or with another Internal Revenue Service office authorized by the Commissioner of Internal Revenue, in which he would specifically report the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, he willfully failed to file a tax return on April 15, 2029 [*sic*], or around that date, in the Western District of Texas or elsewhere. In violation of section 7203 of Title 26 of the United States Code.

**110**

---

## CHARGE FIVE

Failure to file a tax declaration

[Violation of 26 U.S. Code § 7203]

During calendar year 2019, the accused,

GILDARDO ANDRÉS ZAPATA,

being required by law and regulation to file a tax return, he had and received gross income of $391,859.00 United States dollars. By reason of such gross income, he was required by law, after the close of the calendar year 2019, and no later than July 15, 2020, to file a tax return with the Internal Revenue Service in Austin, Texas, or with another Internal Revenue Service office authorized by the Commissioner of Internal Revenue, in which he would specifically report the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, he willfully failed to file a tax return on July 15, 2020, or around that date, in the Western District of Texas or elsewhere. In violation of section 7203 of Title 26 of the United States Code.

## CHARGE SIX

Failure to file a tax declaration

[Violation of 26 U.S. Code § 7203]

During calendar year 2020, the accused,

GILDARDO ANDRÉS ZAPATA,

being required by law and regulation to file a tax return, he had and received gross income of $951,000.00 United States dollars. By reason of such gross income, he was required by law, after the close of the calendar year 2020, and no later than May 17, 2021, to file a tax return with the Internal Revenue Service in Austin, Texas, or with another Internal Revenue

Page No. 6 of the Resolution *"Under which a decision is issued on an application for extradition."* Extradition proceeding of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**.

-------------------------------------------------------------------------------------------------------------------------------------------------------

Service office authorized by the Commissioner of Internal Revenue, in which he would specifically report the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, he willfully failed to file a tax return on May 17, 2021, or around that date, in the Western District of Texas or elsewhere.

In violation of section 7203 of Title 26 of the United States Code."

In addition, the requesting country, in Verbal Note No. 1335 of August 12, 2024, stated:

> *"On January 16, 2024, based on the charges contained in the Indictment, the United States District Court for the Western District of Texas issued a warrant for the arrest of ZAPATA URIBE. That arrest warrant remains valid and enforceable."*

**(…)**

> *All actions carried out by ZAPATA URIBE in this case were committed subsequent to December 17, 1997."*

**4.** The extradition application of Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE** having been formalized, the Ministry of Foreign Affairs, via the Dirección de Asuntos Jurídicos Internacionales [Directorate of International Legal Affairs], via DIAJI communication No. 2824 of August 12, 2024, issued the following opinion:

> "Having regard to the provisions of our domestic criminal procedural legislation, we hereby inform you that, in the instant case, it is appropriate to proceed in accordance with Colombian criminal procedural law."

**5.** The extradition case file of Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE** having been completed, the Ministry of Justice and Law, via communication MJD-OFI24-0034529-GEX-10100 of August 15, 2024, forwarded it to the Criminal Appeals Division of the Honorable Supreme Court of Justice for the corresponding opinion to be issued.

Page No. 7 of the Resolution *"Under which a decision is issued on an application for extradition."* Extradition proceeding of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**.

---

**6.** In the judicial phase of the proceedings, the Criminal Appeals Division of the Honorable Supreme Court of Justice notes that, with regard to charge number four against the requested citizen, which is classified as tax fraud or evasion, the minimum prison sentence is 36 months, which does not comply with our legal system, that establishes a minimum sentence of 48 months' imprisonment for extradition to be granted.

To that extent, the Criminal Appeals Division of the Honorable Supreme Court of Justice, in a ruling dated March 12, 2025,[1] issued an **Unfavorable** opinion regarding Charge Four and a **Favorable** opinion regarding charges One, Two, Three, Five and Six.

The Honorable Court stated as follows:

*"(…) That being the case, the Division notes that charges one, two, three, five and six, for which GILDARDO ANDRÉS ZAPATA URIBE was requested for extradition, meet the requirements stipulated in paragraph 1 of Article 493 of Law 906 of 2004, to the extent it clearly requires, in order for extradition to be granted, "that the act giving rise to it is also classified as a crime in Colombia and punishable by a term of incarceration **of not less than four (4) years**."*

*This is because the first three charges are subsumed under the punishable offense contained in Article 434 A of the Criminal Code, and although charges five and six would, in principle, constitute the crime of tax fraud or evasion, pursuant to Article 434 B of the Criminal Code, the conduct constitutes another crime with a higher penalty, such as the omission of assets or inclusion of non-existent liabilities, which carries a higher penalty of 48 to 108 months' incarceration, which amount is higher than that of 36 to 60 months' incarceration.*

*Now, the same does not apply to charge four, since the amount not declared by ZAPATA URIBE for 2018 does not exceed 1,000 times the legal monthly minimum wage, as provided for in Article 434 A of the Criminal Code, for the offense of omission of*

---

[1] Record of the case filed with the Ministry of Justice and Law on March 20, 2025.

Page No. 8 of the Resolution *"Under which a decision is issued on an application for extradition."* Extradition proceeding of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**.

---

*assets or inclusion of non-existent liabilities to be configured, that would constitute the crime of fraud or tax evasion, punishable by a minimum penalty of 36 months' incarceration.*

*That being the case, the Court concludes that charges one, two, three, five and six attributed to ZAPATA URIBE by the foreign authority constitute the crime of omission of assets or inclusion of non-existent liabilities in Colombia, which carries a minimum penalty of forty-eight (48) months in prison, in consequence of which it is appropriate for a favorable opinion to be issued.*

*However, with regard to charge four, an unfavorable opinion will be issued, given that it does not exceed the minimum punishment required for extradition to proceed.*

*[…]*

### 5. Opinion

*The aforementioned considerations allow us to hold the legal requirements as having been met for the issuance of a **FAVORABLE** opinion on the formal extradition application filed by the Government of the United States of America via its Embassy in our country against GILDARDO ANDRÉS ZAPATA URIBE, also known as GILDARDO ANDRÉS ZAPATA, in respect of charges One, Two, Three, Five and Six, described in Indictment No. AU:24-CR00015-RP, issued on January 16, 2024, by the United States District Court for the Western District of Texas.*

*On the other hand, an **UNFAVORABLE** opinion is issued regarding charge Four, contained in Indictment No. AU:24-CR-00015-RP, issued on January 16, 2024, as mentioned above.*

### 5.1. Conditioning Provisions

*Given that this matter concerns a Colombian citizen, the Court must impose the following conditions:*

**110**

---

*Should the National Government grant extradition, it must guarantee that the wanted person will remain in the requesting country and will be returned to Colombia in dignified and appropriate conditions should he be acquitted, absolved, found not guilty or the like, including on his release after having served the sentence imposed on him.*

*Similarly, it must demand that the wanted person will not be tried for acts committed after December 17, 1997,[2] beyond those that gave rise to the extradition application, and exclusively for those that were committed within the time periods specified in the indictment and that are related to charges Two and Three for which the Division issues a favorable opinion.*

*Nor shall he be subjected to penalties other than those imposed in any future conviction, nor to the death penalty, exile, life imprisonment or confiscation, forced disappearance, torture, cruel, inhuman or degrading treatment.*

*Similarly, the rendition of GILDARDO ANDRÉS ZAPATA URIBE, also known as GILDARDO ANDRÉS ZAPATA, must be conditional upon all his guarantees being respected, in view of his status as a Colombian national. In particular, he must have access to a public trial without undue delay, be presumed innocent, have an interpreter, a defense counsel appointed by him or by the State, be granted adequate time and facilities to prepare his defense, submit evidence and challenge the evidence submitted against him, that his deprivation of liberty be carried out in dignified conditions, and that the judgment may be appealed before a higher court.*

*Furthermore, the time the defendant was detained in connection with the extradition proceeding shall be recognized as part of any sentence imposed on him, and a copy of the judgments or decisions that terminate the proceedings in the courts of that country shall be forwarded, based on the charges filed against him here.*

---

[2] Entry into force of Legislative Act 01 of 1997.

Page No. 10 of the Resolution *"Under which a decision is issued on an application for extradition."* Extradition proceeding of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**.

---

*Furthermore, it is incumbent upon the National Government to make the rendition conditional on the requesting country, in accordance with its domestic policies on the matter, to offer reasonable and realistic opportunities for the requested person to have regular contact with his closest relatives, having regard to the fact that Article 42 of the 1991 Political Constitution recognizes the family as the essential nucleus of society, guarantees its protection and acknowledges its honor, dignity and privacy, one reinforced by the protection also conferred on that nucleus by the International Covenant on Civil and Political Rights.*

*Similarly, the Government, led by the President of the Republic as Head of State, must carry out the corresponding monitoring of the requirements that are imposed for the granting of the extradition and establish the consequences that would arise from any future breach, pursuant to the provisions set forth in item 2 of Article 189 of the Political Constitution.*

*The foregoing pursuant to the provisions set forth in Articles 9, 10 and 11 of the Universal Declaration of Human Rights and Articles 9, 10, 14 and 15 of the International Covenant on Civil and Political Rights.*

*5.2. In view of the foregoing, the Criminal Appeals Division of the Supreme Court of Justice issues a **FAVORABLE OPINION** on the extradition of Colombian citizen GILDARDO ANDRÉS ZAPATA URIBE, also known as GILDARDO ANDRÉS ZAPATA, on charges One, Two, Three, Five and Six, described in Indictment No. AU:24-CR00015-RP, issued on January 16, 2024, by the United States District Court for the Western District of Texas.*

*On the other hand, an **UNFAVORABLE OPINION** is issued with respect to charge Four, contained in Indictment No. AU:24-CR-00015-RP, issued on January 16, 2024, by the aforementioned authority (…)"*

**7.** Having regard to the opinion issued by the Criminal Appeals Division of the Honorable Supreme Court of Justice, and taking into account that, pursuant to the provisions set forth in Article 501 of Law 906 of 2004, the National Government is free to act in the national interest, **it shall grant the**

# 110

extradition of Colombian-American citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**, identified by citizenship card No. 1.127.231.210 issued in the Republic of Colombia, and Passport No. ████1020 issued in the United States of America, to appear for trial before the authorities of the United States of America on **Charges One through Three** *(Filing a false tax declaration)* and **Charges Five and Six** *(Failure to file an income tax declaration)*, of which he is accused in the Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the United States District Court for the Western District of Texas.

**Extradition shall be denied** with respect to **Charge Four**, taking into account that the Criminal Appeals Division of the Supreme Court of Justice issued an **unfavorable** opinion on the matter.

8.      The Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**, is not wanted by the Colombian judicial authorities and his arrest is solely for the purposes of the extradition proceedings.

9.      Pursuant to the provisions set forth in the first paragraph of Article 494 of Law 906 of 2004, the National Government must require of the Government of the United States of America that the wanted citizen shall not be tried for an act prior to and other than that prompting the application for extradition. Similarly, notice is given that no acts or evidentiary material predating December 17, 1997, may be included.

10.      The National Government shall order the rendition of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**, on condition of the submission of an undertaking by the requesting State to comply with the conditions set forth in the second paragraph of Article 494 of Law 906 of 2004, i.e., that the wanted citizen shall not be subject to forced disappearance, torture or cruel, inhuman or degrading treatment or punishments, nor to the penalties of exile, life imprisonment and confiscation.

Since the extradition is conditional, the Office of the Attorney General of the Nation may not make the aforementioned citizen available to the requesting State until such time as the requesting

Page No. 12 of the Resolution *"Under which a decision is issued on an application for extradition."* Extradition proceeding of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**.

---

country submits a formal undertaking with respect to compliance with those conditions, for which purpose, as soon as the aforementioned undertaking is received, the Ministry of Justice and Law shall forward a copy of the decision and the offered guarantees to the Office of the Attorney General of the Nation in order that the necessary procedures may be carried out and the wanted person placed at the disposal of the requesting State.

**11.** The citizen is legally entitled to recognition by the requesting State of the time he was detained in connection with the extradition proceeding, and to certify that situation he may request the corresponding record from the Office of the Attorney General of the Nation, since that is the competent entity for such purposes.

Notwithstanding the foregoing, it is hereby noted that, as has been customary practice, the Directorate of International Affairs of the Office of the Attorney General of the Nation shall forward the certification with respect to the time in detention of wanted citizens in connection with the extradition proceeding to the Directorate of Immigration, Consular and Citizen Assistance Affairs of the Ministry of Foreign Affairs, in order that the corresponding Consul can be familiarized with this situation.

The National Government, via the Ministry of Justice and Law, shall forward a copy of the present decision to the Directorate of Immigration, Consular and Citizen Assistance Affairs of the Ministry of Foreign Affairs for the purposes indicated in Presidential Directive No. 07 of 2005 and the terms set forth by the Honorable Supreme Court of Justice in its opinion.

In view of the foregoing,

## IT IS HEREBY RESOLVED:

**ARTICLE ONE: To grant the extradition** of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**, identified by citizenship card No. 1.127.231.210 issued in the Republic of Colombia, and Passport No. ███1020 issued in the United States of America, to appear for trial before the authorities of the United States of America on **Charges One through Three** *(Filing a false tax declaration)* and **Charges Five and Six** *(Failure*

-------------------------------------------------------------------------------------------------------------------------------------------

*to file an income tax declaration)*, of which he is accused in the Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the United States District Court for the Western District of Texas.

**ARTICLE TWO: To deny the extradition** of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**, with respect to **Charge Four**, of which he is accused in the Indictment in Case No. AU:24-CR-00015-RP, issued on January 16, 2024, in the United States District Court for the Western District of Texas, in view of the fact that the Criminal Appeals Division of the Supreme Court of Justice issued an unfavorable opinion on this matter.

**ARTICLE THREE: To order the rendition** of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**, to the requesting State against an undertaking that the latter shall comply with the conditions set forth in the second paragraph of Article 494 of Law 906 of 2004, i.e., that the wanted citizen shall not be subject to forced disappearance, torture or cruel, inhuman or degrading treatment or punishments, nor to the penalties of exile, life imprisonment and confiscation.

As soon as the aforementioned undertaking is received, the Ministry of Justice and Law shall forward a copy of the decision and the issued guarantees to the Office of the Attorney General of the Nation so that the necessary steps can be taken and the wanted person placed at the disposal of the requesting Government.

**ARTICLE FOUR:** To notify the requesting State that the extradited citizen may not be tried or convicted for a previous crime or any beyond that prompting the present extradition, pursuant to the provisions set forth in the first paragraph of Article 494 of Law 906 of 2004. Similarly, notice is given that no facts or evidentiary material predating December 17, 1997, may be included.

**ARTICLE FIVE:** To personally notify the interested party, his representative or agent, or the person duly authorized by the interested party for service of notice, of the present decision, informing him that an appeal for reconsideration may be filed against it, which may be carried out in writing as part of the same proceeding or within ten (10) days of notification thereof, pursuant to the provisions set forth

**110**

Page No. 14 of the Resolution *"Under which a decision is issued on an application for extradition."* Extradition proceeding of the Colombian-United States citizen **GILDARDO ANDRÉS ZAPATA URIBE**, also known as **GILDARDO ANDRÉS ZAPATA**.

---------------------------------------------------------------------------------------------------------------------------------------------

in Articles 67 and 76 of the Code of Administrative Procedure and Administrative Litigation.

**ARTICLE SIX:** Once the present Resolution has been enforced, send a copy of it to the Directorate of International Legal Affairs and to the Directorate of Immigration, Consular and Citizen Assistance Affairs of the Ministry of Foreign Affairs, and to the Attorney General of the Nation for all applicable purposes in connection with their respective competencies.

**ARTICLE SEVEN:** The present Resolution shall apply from its date of enforcement.

**Let it be published** in the Official Gazette, let the wanted citizen or his agent, or the person duly authorized by the interested party for service of notice, **be notified of it, let it be communicated** to the Ministry of Foreign Affairs and to the Office of the Attorney General of the Nation, and **let it be complied with**.

Issued at Bogotá, D.C., on **APR -9 2025**

*[signature]*

THE MINISTER OF JUSTICE AND LAW,

*[signature]*

ÁNGELA MARÍA BUITRAGO RUÍZ



Received on
19 MAY. 2025
Copy to JUDATT
Copy to DOJ/OIA
L/LEI

REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

Libertad y Orden

**S-DIAJI-25-015825**

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales - saluda muy atentamente a la Honorable Embajada de los Estados Unidos de América, con ocasión de remitir el Oficio MJD-OFI25-0021419-GEX-10100 del 14 de mayo de 2025, anexo al cual obra la Resolución Ejecutiva No. 110 del 09 de abril de 2025, mediante la cual se concedió, por parte del Gobierno Nacional, la extradición del señor **GILDARDO ANDRÉS ZAPATA URIBE**, también conocido como **GILDARDO ANDRÉS ZAPATA**, en los siguientes términos:

> *"**ARTÍCULO PRIMERO: Conceder la extradición** del ciudadano colombo-estadunidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA**, identificado con la cédula de ciudadanía No. 1.127.231.210 expedida en la República de Colombia y Pasaporte No. ▮▮▮▮1020 expedido en los Estados Unidos de América, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los **Cargos Uno al Tres** (Presentar una declaración de Impuestos falsa) y **Cargos Cinco y Seis** (No presentar una declaración de impuestos sobre la renta), imputados en la Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas.*
>
> ***ARTÍCULO SEGUNDO: Negar la extradición** del ciudadano colombo-estadunidense, **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA**, frente al **Cargo Cuatro**, imputado en la Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas, teniendo en cuenta que la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto desfavorable frente al mismo.*
>
> ***ARTÍCULO TERCERO**: **Ordenar la entrega** del ciudadano colombo-estadunidense, **GILDARDO ANDRÉS ZAPATA***



A LA HONORABLE
**EMBAJADA DE LOS ESTADOS UNIDOS DE AMÉRICA**
Ciudad



*URIBE también conocido como **GILDARDO ANDRÉS ZAPATA**, al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

*Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.*

***ARTÍCULO CUARTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.*

[…]"

De conformidad con lo anterior, y teniendo en cuenta la comunicación del Ministerio de Justicia y del Derecho, de la cual se anexa copia, y de conformidad con lo ordenado en las citadas resoluciones ejecutivas, se solicita a los Estados Unidos de América, ofrezca la garantía requerida, de acuerdo con lo ordenado en el inciso 2º del artículo 494 de la Ley 906 de 2004, en concordancia con lo resuelto por la Sala Plena de la Honorable Corte Constitucional, Sentencia C-1106 de fecha 24 de agosto del año 2000, en la cual señaló que:

*"[…] la entrega de una persona en extradición al Estado requirente, cuando en este exista la pena de muerte para el delito que la motiva, sólo se hará bajo la condición de la conmutación de la pena, como allí se dispone, e igualmente, también a condición de que al extraditado no se le someta a desaparición forzada, a torturas ni a tratos o*



*penas crueles, inhumanos o degradantes ni a las penas de destierro, prisión perpetua y confiscación conforme a lo dispuesto por los artículos 11, 12 y 34 de la Constitución Política [...]"*

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales – hace propicia la oportunidad para reiterar a la Honorable Embajada de los Estados Unidos de América las seguridades de su más alta y distinguida consideración.

Bogotá D.C., 14 de mayo de 2025



Justicia

Al responder cite este número
MJD-OFI25-0021419-DAI-10100

Bogotá D.C., Colombia, 14 de mayo de 2025

Doctor
**JHON JAIRO CAMARGO MOTTA**
Director de Asuntos Jurídicos Internacionales
Ministerio de Relaciones Exteriores Cancilleria
Calle 10 No. 5-51
extradiciones.cancilleria@cancilleria.gov.co
Bogotá, D.C.



Contraseña:w0xIs2jqlP

**Asunto**: Trámite de extradición del ciudadano colombiano GILDARDO ANDRÉS ZAPATA URIBE.

Respetado director:

De manera respetuosa le comunico que el Gobierno Nacional, mediante Resolución Ejecutiva No. 110 del 09 de abril de 2025, concedió, al Gobierno de los Estados Unidos de América, la extradición del ciudadano colombo - estadounidense GILDARDO ANDRÉS ZAPATA URIBE, en los siguientes términos:

"...***ARTÍCULO PRIMERO: Conceder la extradición*** *del ciudadano colombo-estadounidense* ***GILDARDO ANDRÉS ZAPATA URIBE*** *también conocido como* ***GILDARDO ANDRÉS ZAPATA****, identificado con la cédula de ciudadanía No. 1.127.231.210 expedida en la República de Colombia y Pasaporte No.* ▓▓▓*1020 expedido en los Estados Unidos de América, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los* ***Cargos Uno al Tres*** *(Presentar una declaración de Impuestos falsa) y* ***Cargos Cinco y Seis*** *(No presentar una declaración de impuestos sobre la renta), imputados en la Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas.*

***ARTÍCULO SEGUNDO: Negar la extradición*** *del ciudadano colombo-estadounidense,* ***GILDARDO ANDRÉS ZAPATA URIBE*** *también conocido como* ***GILDARDO ANDRÉS ZAPATA****, frente al* ***Cargo Cuatro****, imputado en la Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas, teniendo en cuenta que la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto desfavorable frente al mismo.*

***ARTÍCULO TERCERO: Ordenar la entrega*** *del ciudadano colombo-estadounidense,* ***GILDARDO ANDRÉS ZAPATA URIBE*** *también conocido como* ***GILDARDO ANDRÉS ZAPATA****, al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación...*"

De acuerdo con lo anterior, atentamente le remito copia del acto administrativo en mención con el objeto de que se informe al país requirente que el Gobierno Nacional concedió la extradición de GILDARDO ANDRÉS ZAPATA URIBE, pero que aún no se ha puesto a su disposición para el traslado porque la entrega quedó condicionada al ofrecimiento de unas garantías.

Bajo ese entendido, le solicito comunicar al país requirente que, a la mayor brevedad posible, debe ofrecer un compromiso formal, por la vía diplomática, sobre el cumplimiento de los condicionamientos impuestos por el Gobierno Nacional y se garantice lo dispuesto en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a

**Ministerio de Justicia y del Derecho**
Sede principal: carrera 9 No. 12C – 10, Bogotá D.C.
Sede Chapinero y correspondencia: calle 53 No. 13 – 27, Bogotá D.C.
Conmutador: (+57) 1 444 31 00
Línea Gratuita: (+57) 01 8000 911170
www.minjusticia.gov.co


Justicia

desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, este Ministerio remitirá a la Fiscalía General de la Nación copia de los respectivos actos administrativos y de las garantías ofrecidas con el fin de que dicha Entidad proceda a la puesta a disposición del Estado requirente de la persona reclamada.

Lo anterior para su conocimiento y fines pertinentes.

Cordialmente,

HORACIO TORRES M.

HORACIO  TORRES MARTÍNEZ
Director de Asuntos Internacionales (E)

**Elaboró:** Grupo de Extradiciones NCV-NIE 25-1792
**Revisó:** Coordinadora Grupo de Extradiciones APA
**Aprobó:** Director de Asuntos Internacionales HTM (E)

■

**Ministerio de Justicia y del Derecho**
Sede principal: carrera 9 No. 12C – 10, Bogotá D.C.
Sede Chapinero y correspondencia: calle 53 No. 13 – 27, Bogotá D.C.
Conmutador: (+57) 1 444 31 00
Línea Gratuita: (+57) 01 8000 911170
www.minjusticia.gov.co



Gobierno de
**Colombia**

**RESOLUCIÓN EJECUTIVA NÚMERO___110___DE_____**

**-9 ABR 2025**

Por la cual se decide sobre una solicitud de extradición

**EL MINISTRO DE HACIENDA Y CRÉDITO PÚBLICO, DELEGATARIO DE**
**FUNCIONES LEGALES Y CONSTITUCIONALES MEDIANTE DECRETO 0420**
**DEL 7 DE ABRIL DE 2025,**

en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906
de 2004, y

**CONSIDERANDO:**

**1.** Que mediante Nota Verbal No. 0538 del 4 de abril de 2024, el Gobierno de
los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la
detención provisional con fines de extradición del ciudadano colombo-
estadounidense **GILDARDO ANDRÉS ZAPATA URIBE,** requerido para comparecer
a juicio por delitos tributarios.

**2.** Que, en atención a dicha solicitud, la Fiscal General de la Nación, mediante
Resolución del 9 de abril de 2024, decretó la captura con fines de extradición del
ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE**
también conocido como **GILDARDO ANDRÉS ZAPATA,** identificado con la cédula
de ciudadanía No. 1.127.231.210 expedida en la República de Colombia y
Pasaporte No. ▉▉▉1020 expedido por Estados Unidos de América, la cual se hizo
efectiva el 17 de junio de 2024 por miembros de la Dirección Nacional Cuerpo
Técnico de Investigaciones-CTI-Grupo Transnacional de Investigaciones
Financieras GIF-CTI.

**3.** Que mediante Nota Verbal No. 1335 del 12 de agosto de 2024, la Embajada
de los Estados Unidos de América en nuestro país formalizó la solicitud de

Hoja No. 2 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA.**

---

extradición del ciudadano colombo-estadunidense **GILDARDO ANDRÉS ZAPATA URIBE.**

En dicha Nota se informa que este ciudadano es el sujeto de una Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas, según se describe a continuación:

## "ACUSACIÓN FORMAL

## EL PROCESO DEL GRAN JURADO EXPIDE LA SIGUIENTE ACUSACIÓN:

En todo momento relevante en este medio, GILDARDO ANDRÉS ZAPATA, el acusado fue un ciudadano de los Estados Unidos viviendo en el estado de Florida hasta que empezó a vivir fuera de los Estados Unidos en o alrededor de diciembre de 2018. Como residente de Florida y como un declarante de impuestos en el extranjero, las declaraciones de impuestos del acusado fueron, o debieron ser, recibidas por el Centro del Servicio de Impuestos Internos en Austin, Texas. Durante los años tributarios 2015, 2016, 2017, 2018, 2019 y 2020, el acusado devengó un total de aproximadamente $3,846,759,00 dólares estadounidenses de ingresos personales sujetos a ser informados y los cuales él no informó al Servicio de Impuestos Internos. El acusado no informó estos ingresos y no pagó los impuestos aplicables a estos ingresos, a pesar de que recibió varios avisos verbales y escritos sobre las obligaciones tributarias concernientes a estos ingresos.

CARGO UNO
(Presentar una declaración falsa de impuestos)
[Violación de la S. 7206(1) del T. 26 del C-EE.UU.]

El 12 de octubre de 2016, o alrededor de esa fecha, el acusado,
GILDARDO ANDRÉS ZAPATA,

hizo y firmó, voluntariamente, una declaración de impuestos individuales de los Estados Unidos, Formulario 1040, para el año civil 2015, la cual fue verificada mediante una declaración escrita que indicó que esta declaración fue hecha bajo penas de perjurio y la cual él no creía que era correcta y verdadera en lo

Hoja No. 3 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA**.

-------------------------------------------------------------------------------------------------------------------

referente a cada asunto material. La declaración de impuestos individual de los Estados Unidos, Formulario 1040, la cual fue presentada al director del Centro de Servicio de Impuestos Internos en Austin, Texas, fue falsa y fraudulenta en lo referente a un asunto material ya que en la misma se informó en la línea 22 un total de ingresos por la cantidad de $32,878.00 dólares estadounidenses, mientras que, en ese momento y en ese lugar, el acusado sabía bien que el total de sus ingresos era mucho más que esa cantidad. En contravención de la sección 7206(1) del Título 26 del Código de los Estados Unidos.

### CARGO DOS
Presentar una declaración falsa de impuestos
[Violación de la S. 7206 (1) del Título 26 del C. EE.UU.]

El 23 de enero de 2018, o alrededor de esa fecha, el acusado,

GILDARDO ANDRÉS ZAPATA,

hizo y firmó, voluntariamente, una declaración de impuestos individuales de los Estados Unidos, Formulario 1040, para el año civil 2016, la cual fue verificada mediante una declaración escrita que indicó que esta declaración fue hecha bajo penas de perjurio y la cual él no creía que era correcta y verdadera en lo referente a cada asunto material. La declaración de impuestos individual de los Estados Unidos, Formulario 1040, la cual fue presentada al director del Centro de Servicio de Impuestos Internos en Austin, Texas, fue falsa y fraudulenta en lo referente a un asunto material ya que en la misma se informó en la línea 22 un total de ingresos por la cantidad de $24,699.00 dólares estadounidenses, mientras que, en ese momento y en ese lugar, el acusado sabía bien que el total de sus ingresos era mucho más que esa cantidad.

En contravención de la sección 7206 (1) del Título 26 del Código de los Estados Unidos.

### CARGO TRES
Presentar una declaración falsa de impuestos
[Violación de la S. 7206(1) del T. 26 del C.EE.UU])

El 19 de octubre de 2018, o alrededor de esa fecha, el acusado,

Hoja No. 4 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA.**

---------------------------------------------------------------------------------------------------------------------------

GILDARDO ANDRÉS ZAPATA

hizo y firmó, voluntariamente, una declaración de impuestos individuales de los Estados Unidos, Formulario 1040, para el año civil 2017, la cual fue verificada mediante una declaración escrita que indicó que esta declaración fue hecha bajo penas de perjurio y la cual él no creía que era correcta y verdadera en lo referente a cada asunto material. La declaración de impuestos individual de los Estados Unidos, Formulario 1040, la cual fue presentada al director del Centro de Servicio de Impuestos Internos en Austin, Texas, fue falsa y fraudulenta en lo referente a un asunto material ya que en la misma se informó en la línea 22 un total de ingreso por la cantidad de $40,599.00 dólares estadounidenses, mientras que, en ese momento y en ese lugar, el acusado sabía bien que el total de sus ingresos era mucho más que esa cantidad. En contravención de la sección 7206(1) del Título 26 del Código de los Estados Unidos.

CARGO CUATRO
No presentar una declaración de impuestos
[Violación de la S. 7203 del T. 26 del C. EE. UU]

Durante el año civil de 2018, el acusado,

GILDARDO ANDRÉS ZAPATA,

estando obligado por ley y reglamento a presentar una declaración de impuestos, tuvo y recibió ingresos brutos de $215,256.00 dólares estadounidenses. Por motivo de dichos ingresos brutos, él estaba requerido por ley, tras el cierre del año civil de 2018, y a más tardar el 15 de abril de 2019, a presentar una declaración de impuestos ante el Centro de Servicio de Impuestos Internos en Austin, Texas o ante otra Oficina de Servicio de Impuestos Internos permitida por el Comisionado de Impuestos Internos, en la que declararía específicamente los artículos de sus ingresos brutos y cualquier deducción y crédito al que tuviese derecho. Sabiendo y creyendo todo lo antedicho, él se negó voluntariamente a hacer una declaración de impuestos el 15 de abril de 2029, o alrededor de esa fecha, en el Distrito Oeste de Texas y en otro lugar. En contravención de la sección 7203 del Título 26 del Código de los Estados Unidos.

Hoja No. 5 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA.**

-----------------------------------------------------------------------------------------------------------------------

CARGO CINCO

No presentar una declaración de impuestos

[Violación de la S. 7203 del T. 26 del C. EE. UU]

Durante el año civil de 2019, el acusado,

GILDARDO ANDRÉS ZAPATA,

estando obligado por ley y reglamento a presentar una declaración de impuestos, tuvo y recibió ingresos brutos de $391,859.00 dólares estadounidenses. Por motivo de dichos ingresos brutos, él estaba requerido por ley, al cierre del año civil de 2019, y a más tardar el 15 de julio de 2020, a presentar una declaración de impuestos ante el Centro de Servicio de Impuestos Internos en Austin, Texas o ante otra Oficina de Servicio de Impuestos Internos permitida por el Comisionado de Impuestos Internos, en la que declararía específicamente los artículos de sus ingresos brutos y cualquier deducción y crédito al que tuviese derecho. Sabiendo y creyendo todo lo antedicho, él se negó voluntariamente a hacer una declaración de impuestos el 15 de julio de 2020, o alrededor de esa fecha, en el Distrito Oeste de Texas y en otro lugar. En contravención de la sección 7203 del Título 26 del Código de los Estados Unidos.

CARGO SEIS

No presentar una declaración de impuestos

[Violación de la S. 7203 del T. 26 del C. EE. UU]

Durante el año civil de 2020, el acusado,

GILDARDO ANDRÉS ZAPATA,

estando obligado por ley y reglamento a presentar una declaración de impuestos, tuvo y recibió ingresos brutos de $951,000.00 dólares estadounidenses. Por motivo de dichos ingresos brutos, él estaba requerido por ley, al cierre del año civil de 2020, y a más tardar el 17 de mayo de 2021, a presentar una declaración de impuestos ante el Centro de Servicio de Impuestos Internos en Austin, Texas o ante otra Oficina de Servicio de

# 110

Hoja No. 6 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA.**

---

Impuestos Internos permitida por el Comisionado de Impuestos Internos, en la que declararía específicamente los artículos de sus ingresos brutos y cualquier deducción y crédito al que tuviese derecho. Sabiendo y creyendo todo lo antedicho, él se negó voluntariamente a hacer una declaración de impuestos el 17 de mayo de 2021, o alrededor de esa fecha, en el Distrito Oeste de Texas y en otro lugar.

En contravención de la sección 7203 del Título 26 del Código de los Estados Unidos."

Adicionalmente, el país requirente, en la Nota Verbal No. 1335 del 12 de agosto de 2024, señaló:

> *"El 16 de enero de 2024, con base en los cargos en la Acusación, la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas, emitió un auto de detención para la captura de ZAPATA URIBE. Dicho auto de detención permanece válido y ejecutable."*

**(...)**

> *Todas las acciones adelantadas por ZAPATA URIBE en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997."*

**4.** Que luego de formalizada la solicitud de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE,** el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio DIAJI No. 2824 del 12 de agosto de 2024, conceptuó:

> "En atención a lo establecido en nuestra legislación procesal penal interna, se informa que, en el caso en mención, es procedente obrar de conformidad con el ordenamiento procesal penal colombiano."

**5.** Que una vez perfeccionado el expediente de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE,** el Ministerio de Justicia y del Derecho, mediante oficio MJD-OFI24-0034529-GEX-10100 del 15 de agosto de 2024, lo remitió a la Sala de Casación Penal de la H. Corte Suprema de Justicia para que se emitiera el concepto correspondiente.

Hoja No. *7* de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA**.

-------------------------------------------------------------------------------------------------------------------------

**6.** Que, en la etapa judicial del trámite, la Sala de Casación Penal de la H. Corte Suprema de Justicia, advierte que, respecto del cargo número cuatro, imputado al ciudadano requerido, al tipificarse como defraudación o evasión tributaria, la pena mínima de prisión es de 36 meses, no cumpliendo con nuestro ordenamiento jurídico que establece una pena mínima de 48 meses de prisión para que la extradición sea concedida.

En esa medida la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante pronunciamiento del 12 de marzo de 2025[1], emitió concepto **Desfavorable** respecto al Cargo Cuatro y **Favorable** para los cargos Uno, Dos, Tres, Cinco y Seis.

Así lo precisó, la H. Corporación:

*"(...) Así las cosas, advierte la Sala que los cargos uno, dos, tres, cinco y seis, por los que fue requerido en extradición GILDARDO ANDRÉS ZAPATA URIBE, cumplen con el presupuesto establecido en el numeral 1° del artículo 493 de la Ley 906 de 2004, en cuanto exige de manera clara, para avalar la extradición, «que el hecho que la motiva también esté previsto como delito en Colombia y reprimido con una sanción privativa de la libertad **cuyo mínimo no sea inferior a cuatro (4) años»**.*

*Lo anterior, porque los 3 primeros cargos se subsumen en el punible del artículo 434 A del Código Penal y aunque los cargos cinco y seis, en principio configurarían el delito de defraudación o evasión tributaria, de acuerdo con el artículo 434 B del Código Penal, la conducta constituye otro delito con pena mayor, como lo es la omisión de activos o inclusión de pasivos inexistentes, el cual prevé una sanción mayor que es de 48 a 108 meses de prisión, quantum superior al de 36 a 60 meses de prisión.*

*Ahora, no ocurre lo mismo frente al cargo cuatro, pues el monto de lo dejado de declarar para el año 2018, por ZAPATA URIBE, no supera los 1.000 salarios mínimos mensuales legales vigentes, que prevé el artículo 434 A del Código Penal, para la configuración del punible de omisión de*

---

[1] Expediente radicado en el Ministerio de Justicia y del Derecho el 20 de marzo de 2025.

**110**

---

*activos o inclusión de pasivos inexistentes, por lo que se tipificaría el delito de defraudación o evasión tributaria, cuya pena mínima es de 36 meses de prisión.*

*Así las cosas, concluye la Sala, que los cargos uno, dos, tres, cinco y seis atribuidos a ZAPATA URIBE por la autoridad foránea, configuran en Colombia el delito de omisión de activos o inclusión de pasivos inexistentes, cuya pena mínima es de cuarenta y ocho (48) meses de prisión, por lo que es procedente emitir concepto favorable.*

*Sin embargo, respecto del cargo cuatro se emitirá concepto desfavorable, dado que no supera el quantum punitivo requerido para que proceda la extradición.*

*[...]*

## 5. Concepto

*Las consideraciones expuestas en precedencia permiten tener por acreditadas las exigencias legales para conceptuar, de manera **FAVORABLE** a la solicitud de extradición formalizada por el Gobierno de los Estados Unidos de América a través de su Embajada en nuestro país contra GILDARDO ANDRÉS ZAPATA URIBE también conocido como GILDARDO ANDRÉS ZAPATA, frente a los cargos Uno, Dos, Tres, Cinco y Seis, descritos en la Acusación N°. AU:24-CR00015-RP, dictada el 16 de enero de 2024, por la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas*

*De otro lado, se emite concepto **DESFAVORABLE** respecto al cargo Cuatro, contemplado en la Acusación N°. AU:24-CR-00015-RP, dictada el 16 de enero de 2024, en mención.*

### 5.1. Condicionamientos

*En atención a que se trata de un ciudadano colombiano, la Corte debe realizar los siguientes condicionamientos:*

**110**

--------------------------------------------------------------------------------------------------------------------

*Si el Gobierno Nacional concede la extradición, ha de garantizar al reclamado su permanencia en la nación requirente y el retorno a Colombia en condiciones de dignidad y respeto de ser sobreseído, absuelto, declarado no culpable o eventos similares; incluso, después de su liberación por haber cumplido la pena que le fuere impuesta.*

*Del mismo modo, debe exigir que el solicitado no sea juzgado por hechos diversos de los que motivaron la solicitud de extradición, cometidos después del 17 de diciembre de 1997[2] y, exclusivamente, los ocurridos en los plazos temporales demarcados en el indictment y que se relacionan con los cargos Dos y Tres por los que la Sala emite concepto favorable.*

*Tampoco será sometido a sanciones distintas de las impuestas en la eventual condena, ni a penas de muerte, destierro, prisión perpetua o confiscación, desaparición forzada, torturas, tratos crueles, inhumanos o degradantes.*

*De igual manera, debe condicionar la entrega de GILDARDO ANDRÉS ZAPATA URIBE también conocido como GILDARDO ANDRÉS ZAPATA a que sean respetadas todas sus garantías, en razón de su condición de nacional colombiano. En particular, que tenga acceso a un proceso público sin dilaciones injustificadas, se presuma su inocencia, cuente con un intérprete, tenga un defensor designado por él o por el Estado, se conceda el tiempo y los medios adecuados para que prepare la defensa, presente pruebas y controvierta las que se aduzcan en su contra, que su situación de privación de la libertad se desarrolle en condiciones dignas y que la sentencia pueda ser apelada ante un tribunal superior.*

*Por demás, el tiempo que el reclamado estuvo detenido por cuenta del trámite de extradición deberá serle reconocido como parte cumplida de la posible sanción que se le imponga y deberá remitirse copia de las sentencias o decisiones que pongan fin al proceso en los Tribunales de ese país, en razón de los cargos que aquí se le imputan.*

---

[2] Fecha de entrada en vigor del Acto Legislativo 01 de 1997.

## 110

Hoja No. 10 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA.**

------------------------------------------------------------------------------------------------------------------------

*Por otra parte, al Gobierno Nacional le corresponde condicionar la entrega a que el país reclamante, de acuerdo con sus políticas internas sobre la materia, ofrezca posibilidades racionales y reales para que el requerido tenga contacto regular con sus familiares más cercanos, considerando que el artículo 42 de la Constitución Política de 1991 reconoce a la familia como núcleo esencial de la sociedad, garantiza su protección y reconoce su honra, dignidad e intimidad, lo cual se refuerza con la protección que a ese núcleo también confiere el Pacto Internacional de Derechos Civiles y Políticos.*

*De la misma manera, el Gobierno, encabezado por el señor Presidente de la República como Jefe de Estado, debe efectuar el respectivo seguimiento a las exigencias que se imponen para la concesión de la extradición y determinar las consecuencias que se derivarían de su eventual incumplimiento, al tenor de lo señalado en el ordinal 2° del artículo 189 de la Constitución Política.*

*Lo anterior, de conformidad con lo dispuesto en los artículos 9, 10 y 11 de la Declaración Universal de Derechos Humanos y 9, 10, 14 y 15 del Pacto Internacional de Derechos Civiles y Políticos.*

*5.2. En mérito de lo expuesto, la Sala de Casación Penal de la Corte Suprema de Justicia, emite **CONCEPTO FAVORABLE** a la extradición del ciudadano colombiano GILDARDO ANDRÉS ZAPATA URIBE también conocido como GILDARDO ANDRÉS ZAPATA, frente a los cargos Uno, Dos, Tres, Cinco y Seis, descritos en la Acusación N°. AU:24-CR00015-RP, dictada el 16 de enero de 2024, por la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas.*

*De otro lado, se emite **CONCEPTO DESFAVORABLE** respecto del cargo Cuatro, contenido en la Acusación N°. AU:24-CR-00015-RP, dictada el 16 de enero de 2024, por la autoridad en mención.(...)"*

**7.**    Que en atención al concepto emitido por la Sala de Casación Penal de la H. Corte Suprema de Justicia, y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004, el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, **concederá** la

Hoja No. 11 de la Resolución *"Por la cual se decide sobre una solicitud de extradición".* Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA.**

---

extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA,** identificado con la cédula de ciudadanía No. 1.127.231.210 expedida en la República de Colombia y Pasaporte No. ▮▮▮▮1020 expedido en los Estados Unidos de América, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los cargos **Cargos Uno al Tres** *(Presentar una declaración de impuestos falsa)* y **Cargos Cinco y Seis** *(No presentar una declaración de impuestos sobre la renta),* imputados en la Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas.

Deberá **negarse la extradición** frente al **Cargo Cuatro,** teniendo en cuenta que la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto **desfavorable** frente al mismo.

**8.** Que el ciudadano colombo-estadunidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA,** no se encuentra requerido por autoridad judicial colombiana y su captura obedece únicamente a los fines del trámite de extradición.

**9.** Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**10.** Que el Gobierno Nacional ordenará la entrega del ciudadano colombo-estadunidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA,** condicionada al ofrecimiento del compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Al quedar condicionada la entrega, la Fiscalía General de la Nación no podrá poner a disposición del Estado requirente al mencionado ciudadano sino hasta tanto se

Hoja No. 12 de la Resolución *"Por la cual se decide sobre una solicitud de extradición".* Trámite de extradición del ciudadano colombo-estadounidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA.**

-----------------------------------------------------------------------------------------------------------------------------

allegue, por parte del país requirente, el compromiso formal sobre el cumplimiento de estos condicionamientos, para lo cual, tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**11.** Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

No obstante lo anterior, se advierte que tal y como ha sido costumbre, la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, con el fin de que el Cónsul respectivo tenga conocimiento de esa situación.

El Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva Presidencial No. 07 de 2005 y lo señalado por la H. Corte Suprema de Justicia en su concepto.

Por lo expuesto,

**RESUELVE:**

**ARTÍCULO PRIMERO: Conceder la extradición** del ciudadano colombo-estadunidense **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA,** identificado con la cédula de ciudadanía No. 1.127.231.210 expedida en la República de Colombia y Pasaporte No. ██████1020 expedido en los Estados Unidos de América, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los cargos **Cargos Uno al Tres** *(Presentar una declaración de impuestos falsa)* y **Cargos Cinco y Seis** *(No*

------------------------------------------------------------------------------------------------------------------

*presentar una declaración de impuestos sobre la renta)*, imputados en la Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas.

**ARTÍCULO SEGUNDO: Negar la extradición** del ciudadano colombo-estadunidense, **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA,** frente al **Cargo Cuatro,** imputado en la Acusación en el Caso No. AU:24-CR-00015-RP, dictada el 16 de enero del 2024, en la Corte Distrital de los Estados Unidos para el Distrito Oeste de Texas, teniendo en cuenta que la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto desfavorable frente al mismo.

**ARTÍCULO TERCERO: Ordenar la entrega** del ciudadano colombo-estadunidense, **GILDARDO ANDRÉS ZAPATA URIBE** también conocido como **GILDARDO ANDRÉS ZAPATA,** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**ARTÍCULO CUARTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**ARTÍCULO QUINTO:** Notificar personalmente la presente decisión al interesado, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto

en los artículos 67 y 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO SEXTO:** Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, y a la Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO SÉPTIMO:** La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderado, o a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores y a la Fiscalía General de la Nación y **cúmplase**.

Dada en Bogotá, D.C. a 9 ABR 2025

LA MINISTRA DE JUSTICIA Y DEL DERECHO,

ÁNGELA MARÍA BUITRAGO RUÍZ